**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTICT OF NEW YORK**

| | |
|---|---|
| IN RE IDEANOMICS, INC. DERIVATIVE LITIGATION | Lead Case No. 1:20-cv-05333-GBD |

**[PROPOSED] PRELIMINARY APPROVAL ORDER**

This matter came before the Court for a hearing on December 14, 2021.  Derivative Plaintiffs[1] have made an unopposed motion, pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, for an order: (i) preliminarily approving the proposed settlement ("Settlement") of stockholder derivative claims brought on behalf of Ideanomics, Inc. ("IDEX," or the "Company") in accordance with the Stipulation of Settlement dated as of December 10, 2021 (the "Stipulation"); (ii) approving the form and manner of the notice of the Settlement; and (iii) setting a date for the Settlement Hearing.[2]

WHEREAS, the Stipulation sets forth the terms and conditions for the Settlement, including, but not limited to a proposed Settlement and dismissal with prejudice of the above-captioned consolidated stockholder derivative action brought on behalf of IDEX (the "Consolidated Action"), and resolution of plaintiff Alireza Zare's claims in the Nevada Action (collectively, the "Derivative Actions").

---

[1] "Derivative Plaintiffs" refers to plaintiffs Ali Toorani and Joe Elleisy, Jr. in the above-captioned consolidated stockholder derivative action.  Derivative Plaintiffs, together with Alireza Zare (who is plaintiff to a related shareholder derivative action pending in the United States District Court for the District of Nevada titled, *Zare v. Wu, et al.*, 3:20-cv-608 (the "Nevada Action") are collectively referred to as "Plaintiffs."

[2] Except as otherwise expressly provided below or as the context otherwise requires, all capitalized terms contained herein shall have the same meanings and/or definitions as set forth in the Stipulation.

WHEREAS, the Court having: (i) read and considered Plaintiffs' Unopposed Motion for Preliminary Approval of Derivative Settlement together with the accompanying Memorandum of Points and Authorities; (ii) read and considered the Stipulation, as well as all the exhibits attached thereto; and (iii) heard and considered arguments by counsel for the Settling Parties in favor of preliminary approval of the Settlement;

WHEREAS, the Court finds, upon a preliminary evaluation, that the proposed Settlement falls within the range of possible approval criteria, as it provides a beneficial result for IDEX and appears to be the product of serious, informed, non-collusive negotiations overseen by an experienced mediator; and

WHEREAS, the Court also finds, upon a preliminary evaluation, that IDEX stockholders should be apprised of the Settlement through the proposed form and means of notice, allowed to file objections, if any, thereto, and appear at the Settlement Hearing.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1.      This Court, for purposes of this order ("Preliminary Approval Order"), adopts the definitions set forth in the Stipulation.

2.      This Court preliminarily approves, subject to further consideration at the Settlement Hearing described below, the Settlement as set forth in the Stipulation as being fair, reasonable, and adequate.

3.      A hearing shall be held on _____, 2021 at ____ _.m., before the Honorable George B. Daniels, at the U.S. District Court for the Southern District of New York, 500 Pearl Street, New York, New York 10007 (the "Settlement Hearing"), at which the Court will determine: (i) whether the terms of the Stipulation should be approved as fair, reasonable, and

adequate; (ii) whether the form of the notice of the Settlement and means of dissemination of the notice of the Settlement fully satisfied the requirements of Rule 23.1 of the Federal Rules of Civil Procedure and the requirements of due process; (iii) whether all Released Claims against the Released Persons should be fully and finally released; (iv) whether the agreed-to Fee and Expense Award as well as the Service Awards should be approved; and (v) such other matters as the Court may deem appropriate.

4.      The Court finds that the form, substance, and dissemination of information regarding the proposed Settlement in the manner set out in this Preliminary Approval Order constitutes the best notice practicable under the circumstances and complies fully with Rule 23.1 of the Federal Rules of Civil Procedure and due process.

5.      Within ten (10) days after the entry of this Preliminary Approval Order, IDEX shall: (1) post a copy of the notice of settlement ("Notice") and the Stipulation and exhibits thereto on the Company's website; (2) publish the Notice one time in an edition of *Investor's Business Daily*; and (3) file the Notice and Stipulation and exhibits thereto as an attachment to a Form 8-K filed with the U.S. Securities and Exchange Commission.  The Notice shall provide a link to IDEX's website where the Notice and Stipulation and exhibits thereto may be viewed.

6.      All costs incurred in the publication, filing and posting of the notice of the Settlement shall be paid by IDEX, and IDEX shall undertake all administrative responsibility for the publication, filing and posting of the notice of the Settlement.

7.      No later than twenty (20) days following entry of this Order, Settling Defendants' Counsel shall file with the Court an appropriate affidavit or declaration with respect to filing, publishing, and posting the notice of the Settlement as provided for in paragraph 5 of this Preliminary Approval Order.

8.      All Current IDEX Stockholders shall be subject to and bound by the provisions of the Stipulation and the releases contained therein, and by all orders, determinations, and judgments in the Consolidated Action concerning the Settlement, whether favorable or unfavorable to Current IDEX Stockholders.

9.      Pending the Effective Date or the termination of the Stipulation according to its terms, Plaintiffs and IDEX stockholders, and anyone who acts or purports to act on their behalf, are barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement or prosecution of any action asserting any Released Claims derivatively against any of the Released Persons in any court or tribunal.

10.     Any stockholder of IDEX common stock may appear and show cause, if he, she, or it has any reason why the Settlement embodied in the Stipulation should not be approved as fair, reasonable, and adequate, or why a judgment should or should not be entered hereon, or the Fee and Expense Award or Service Awards should not be awarded.  However, no IDEX stockholder shall be heard or entitled to contest the approval of the proposed Settlement, or, if approved, the Judgment to be entered hereon, unless that IDEX stockholder has caused to be filed, and served on counsel as noted below, written objections stating all supporting bases and reasons for the objection, and setting forth proof, including documentary evidence, of current ownership of IDEX stock and ownership of IDEX stock as of December 10, 2021.

11.     At least twenty-one (21) calendar days prior to the Settlement Hearing set for _____, 2021, any such person must file the written objection(s) and corresponding materials with the Clerk of the Court, U.S. District Court for the Southern District of New York, 500 Pearl Street, New York, New York 10007 and serve such materials by that date, to each of the following Settling Parties' counsel:

*Counsel for Plaintiffs:*

THE ROSEN LAW FIRM, P.A.
Phillip Kim
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
E-mail: pkim@rosenlegal.com

THE BROWN LAW FIRM, P.C.
Timothy Brown
767 Third Avenue, Suite 2501
New York, NY 10017
Telephone: (516) 922-5427
Facsimile: (516) 344-6204
E-mail: tbrown@thebrownlawfirm.net

*Co-Lead Counsel for Derivative Plaintiffs*

GAINEY McKENNA & EGLESTON
Thomas J. McKenna
501 Fifth Avenue, 19th Floor
New York, NY 10017
Telephone: (212) 983-1300
Email: tjmckenna@gme-law.com

*Counsel for Plaintiff Alireza Zare*

*Counsel for Settling Defendants:*

VENABLE LLP
George Kostolampros
600 Massachusetts Avenue NW
Washington, DC 20001
Telephone: (202) 344-4426
Email: gkostolampros@venable.com

ARNOLD & PORTER KAYE
SCHOLER LLP
Aaron Miner
Amanda Raines
250 West 55th Street
New York, NY 10019
Telephone: (212) 836-8000
Email: aaron.miner@arnoldporter.com
amanda.raines@arnoldporter.com

ARENT FOX LLP
Hunter T. Carter
1301 Avenue of the Americas
42nd Floor
New York, NY 10019
Telephone: (212) 484.3946
Email: hunter.carter@arentfox.com

REED SMITH LLP
Steven A. Miller
10 South Wacker Drive, 40th Floor
Chicago, IL 60606
Telephone: (312) 207-1000
Email: samiller@reedsmith.com

12.     Only stockholders who have filed with the Court and sent to the Settling Parties'

counsel valid and timely written notices of objection will be entitled to be heard at the hearing

unless the Court orders otherwise.

13.     Any Person or entity who fails to appear or object in the manner provided herein

shall be deemed to have waived such objection and shall forever be foreclosed from making any

objection to the fairness, reasonableness, or adequacy of the Settlement and to the Fee and Expense

Award and Service Awards, unless otherwise ordered by the Court, but shall be forever bound by the Judgment to be entered and the releases to be given as set forth in the Stipulation.

14.     Derivative Plaintiffs shall file their motion for final approval of the Settlement at least twenty-eight (28) calendar days prior to the Settlement Hearing.  If there is any objection to the Settlement, Derivative Plaintiffs shall file a response to the objection(s) at least seven (7) calendar days prior to the Settlement Hearing.

15.     All proceedings in this Consolidated Action are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation.

16.     This Court may, for good cause, extend any of the deadlines set forth in this Preliminary Approval Order without further notice to stockholders.

17.     Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be offered, attempted to be offered or used in any way by the Parties or any other Person as a presumption, a concession or an admission of, or evidence of, any fault, wrongdoing, liability, or non-liability of the Parties or Released Persons, or of the validity or infirmity of any Released Claims; or (ii) is intended by the Settling Parties to be offered or received as evidence or used by any other person in any other actions or proceedings, whether civil, criminal, or administrative, other than to enforce the terms therein.

18.     Information or materials obtained in the Settling Parties' mediation remain confidential and may not be used or offered in any proceeding for any purpose.

19.     The Court reserves the right to hold the Settlement Hearing telephonically or by videoconference without further notice to IDEX stockholders.  Any IDEX stockholder (or his, her

or its counsel) who wishes to appear at the Settlement Hearing should consult the Court's calendar and/or IDEX's corporate website for any change in date, time or format of the Settlement Hearing. The Court may approve the Settlement and any of its terms, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to Current IDEX Stockholders. The Court retains jurisdiction to consider all further applications arising out of or connected with the Settlement.

**IT IS SO ORDERED.**

DATED:

_____
HONORABLE GEORGE B. DANIELS
U.S. DISTRICT JUDGE